# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KABANA, INC.,

        Plaintiff,

  v.

BEST OPAL, INC.,

        Defendant.

2:06-cv-00806-BES-GWF

**ORDER**

_____

     Defendant Best Opal, Inc. ("Best Opal") filed a Motion For Review and Appeal of Magistrate's Order Denying Motion to Set Aside Writ of Execution (#14). Plaintiff Kabana, Inc. ("Kabana") filed a Response (#24) on August 2, 2006 and Best Opal filed a Reply on August 26, 2006.

### I. STATEMENT OF FACTS

     On October 18, 2005, Kabana filed suit against Best Opal in the United States District Court, District of New Mexico. After Best Opal failed to timely respond to Kabana's Motion for Default Judgment, judgment was entered against Best Opal. A hearing was conducted regarding the issue of damages, and a final judgment was entered against Best Opal for a total award of $623,375.99 in statutory damages and attorneys' fees and costs. Judgment was entered on the docket on April 26, 2006.

///

1    On May 8, 2006, the Clerk of the U.S. District Court in New Mexico executed a "Certification of Judgment for Registration in Another District" pursuant to 28 U.S.C.A. § 1963.  On May 18, 2006, the Certification was filed in the U.S. District Court, District of Nevada.  It was entered in the docket on May 24, 2006.

On June 2, 2006, the Clerk for the Nevada District Court issued a Writ of Execution.  The Writ was served on Best Opal by the United States Marshal's Service on June 6, 2006. In conjunction with the Writ, Kabana seized numerous pieces of Best Opal's jewelry in order to partially satisfy the New Mexico judgment.

On June 16, 2006, Best Opal filed a Motion to Set Aside Writ of Execution (#7) on the grounds that Kabana violated Best Opal's right to statutory due process pursuant to NRS 17.360.  Kabana filed its Response (#8) and the Magistrate Judge heard oral arguments on this matter on June 20, 2006.  The Magistrate Judge issued an Order denying Best Opal's Motion to Set Aside (#12).

Best Opal argues that the Magistrate Judge erred in the Order because once Kabana registered the foreign federal judgment under 28 U.S. § 1963, Kabana was required to follow Nevada's statutory procedures in executing on the judgment expressed in Chapter 17 of the Nevada Revised Statutes.  Best Opal claims that the Magistrate Judge's Order is contrary to law because § 1963 does not pre-empt a state's foreign judgment act and that the state foreign judgment act must be followed to execute on a foreign judgment. Kabana argues that because it chose not to domesticate its judgment in a Nevada state court, Kabana was not required to follow the state statute on enforcement of foreign judgments.  Once the New Mexico judgment was registered in Nevada, the state statutory provisions relating to domesticating the judgment are inapplicable and Kabana was not required to give any notice to a judgment debtor.

///

///

## II. Discussion

The Magistrate Judge's ruling was a determination of a non-dispositive matter and therefore the Court's review is governed by the standard set forth in Rule 72(a) of the Federal Rules of Civil Procedure. In reviewing a non-dispositive order entered by a Magistrate Judge, the court determines whether the order was "clearly erroneous or contrary to law." Gimes v. City of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the Magistrate Judge's factual findings while the "contrary to law" standard applies to the Magistrate Judge's legal conclusions. Wolpin v. Philip Morris, Inc, 189 F.R.D. 418, 422 ( C.D. Cal. 1999); Grimes v. County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991); Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 719 (S.D. Cal. 1996).

A factual finding is clearly erroneous if the reviewing court is left with "a definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgment for that of the deciding court. Grimes, 951 F.2d at 241. Under the contrary to law standard, the Court conducts a de novo review of the Magistrate Judge's legal conclusions. Id.

Best Opal claims that the Magistrate Judge erred in the Order by restating Best Opal's legal argument to set aside the Writ of Execution. Best Opal believes that once Kabana registered the foreign federal judgment under 28 U.S. § 1963, Kabana was required to follow Nevada's statutory procedures in executing on the judgment. Best Opal claims that the Order restates Best Opal's position because it limited the application of Nevada law to the actual filing of the foreign federal judgment and then held that NRS 17.360 does not pertain to the filing of foreign federal judgments. Best Opal claims that the Magistrate Judge's Order is contrary to law because § 1963 does not pre-empt a state's foreign judgment act and that the state foreign judgment act must be followed to execute on a foreign judgment. The Court now considers these objections to determine

3

1 whether the Magistrate Judge's order is clearly erroneous or contrary to law.

2 The Court finds that the Magistrate Judge's actions in not setting aside the Writ of
3 Execution was contrary to law. 28 U.S.C.A. § 1963 provides for registration of final
4 judgments for the recovery of money or property in any district court other than the one in
5 which it was entered.[1]  28 U.S.C. § 1963.  A judgment so registered has the same effect
6 as a judgment of the district court of the district where registered and may be enforced as
7 a judgment rendered in that district. Id.

8 28 U.S.C. § 1963 affords the federal district court the power to register the foreign
9 judgment in question.  The execution proceedings are controlled by Rule 69 of the Federal
10 Rules of Civil Procedure. This Rule provides that:

> The procedure on execution, and proceedings supplementary to and in aid of the judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held...

Fed. R. Civ. P. 69(a).

Best Opal argues that once Kabana registered the foreign federal judgment under 28 U.S. § 1963, pursuant to Rule 69(a), Kabana was required to follow Nevada's procedures in executing on the judgment.  Nevada law on enforcement of a foreign judgment is found in NRS 17.330 through 17.400.[2]  Nevada law requires that at the time of the filing of the foreign judgment, the judgment creditor must file an affidavit setting forth the name and last known post office address of the judgment debtor and the judgment creditor.  The affidavit also must include a statement that the foreign judgment is valid and

---

[1] Section 1963 provides, in pertinent part, that a judgment in an action for the recovery of money or property entered in any district court may be registered by filing a certified copy of such judgment in any other district when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

[2] Nevada law defines foreign judgment as any judgment of a court of the United States or of any other court which is entitled to full faith and credit in this state.  NRS 17.340.

4

1  enforceable, and the extent to which it has been satisfied. NRS 17.360.  The judgment
2  creditor must promptly mail notice to the judgment debtor and his attorney and then must
3  file with the clerk of the court an affidavit setting forth the date upon which the notice was
4  mailed.  Id.  No execution or other process for enforcement of a foreign judgment may
5  issue until 30 days after the date of mailing the notice of filing.  Id.   In this case, Kabana
6  has not complied with NRS 17.360 and its notice requirements.

7       The Court believes that the Magistrate Judge incorrectly interpreted the interplay
8  between the Writ of Execution, Rule 69 and § 1963.  The Order states that Rule 69 does
9  not apply to the present situation because the present situation is only concerned with filing
10 the foreign judgment and not in seeking an execution of that judgment.  However, for this
11 interpretation to prevail, the Court would have to narrowly construe the broad language of
12 Rule 69 concerning "procedure on execution."  The Court declines to do this.  Instead, the
13 Court is persuaded that "procedure on execution" includes procedures regarding and
14 relating to execution, including the issuance of a writ of execution. Thus, the Writ of
15 Execution issued by the Nevada District Court is a "procedure on execution."

16      The Court's interpretation of the interaction between state and federal requirements
17 in execution proceedings under Rule 69 is consistent with case law from this Circuit, which
18 has held that the provisions of the federal rules were applicable only where the state rules
19 asserted in those cases were general provisions, not specific provisions concerning
20 enforcement of judgments.  See, Hilao v. Estate of Marcos 95 F.3d 848, 853 (9th Cir. 1996),
21 citing Rumsey v. George E. Failing Co., 333 F.2d 960, 962 (10th cir. 1964).   (the Federal
22 Rules of Civil Procedure control unless the state statutes deal specifically with practice and
23 procedure in supplementary proceedings).   Accordingly, once Kabana's judgment was
24 registered in Nevada pursuant to 28 U.S.C. § 1963, the execution proceedings are then
25 governed by Nevada law.
26 ///

1  Under Nevada law, the judgment creditor must upon filing the foreign judgment and affidavit, promptly give notice to the judgment debtor and verify to the court that the notice was given.  NRS 17.360.  No execution or other process for enforcement of a foreign judgment may issue until 30 days after the date of mailing the notice of filing.  Id.

Best Opal is clearly a judgment debtor to whom the notice provisions of NRS 17.360 apply.  Hence, Kabana's compliance with § 1963 does not excuse its failure to comply with NRS 17.360.  Because Kabana had not complied with NRS 17.360, no execution or other process of enforcement could be issued.  As such, the Writ of Execution should be set aside.

Under the applicable standard of review, a Magistrate Judge's ruling is "contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co, 92 F. Supp.2d 70, 74 (N.D.N.Y 2000).  Here, the ruling misapplied § 1963 and Rule 69(a).

IT IS HEREBY ORDERED that Defendant's Motion for Review and Appeal of Magistrate Judge's Order Denying Motion to Set Aside (#14)  is GRANTED.

IT IS HEREBY FURTHER ORDERED that Defendant's Motion to Set Aside (#7) is GRANTED and the Writ of Execution is set aside.  With respect to Defendant's Request For Release of Property contained within the Motion to Set Aside (#7), the Order dated August 1, 2006 (#22) is still in force and, therefore, Defendant shall not dispose of any returned inventory pending further order of this Court and Plaintiff shall not dispose of any of the other seized property of Defendant until a decision by the United States District Court for the District of New Mexico on Defendant's Motion to Set Aside the Default Judgment.

DATED: This 8th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE